## Davis *v.* Niswonger.

[No. 17,932.   Filed June 18, 1896.]

PARTNERSHIP.—*Action for Dissolution.—Sale of Mortgaged Property Under Foreclosure.*—A foreclosure sale of all the property of a partnership effects its dissolution; and an action cannot thereafter be maintained for dissolution.

RECEIVER.—*Partnership Property.—Sale on Foreclosure.*—Where partnership property is sold on foreclosure, to the mortgagee, on an agreement that, upon sale of the property by such mortgagee, the residue above the mortgage debt should belong to the partners, and afterward the mortgagee sells the property to one of the partners, a receiver cannot be appointed, even though the partner who buys the property should realize thereon more than the amount of the mortgage debt.

From the Madison Circuit Court.   *Reversed.*

*Goodykoontz & Ballard, Henry, McMahan & Van Osdol,* for appellant.

*Chipman, Keltner & Hendee,* for appellee.

McCabe, J.—The appellee sued the appellant, alleging that they were partners seeking an accounting and a dissolution of the partnership, the appointment of a receiver and a judgment against the defendant. The issues formed were tried by the court, resulting in a general finding for the plaintiff, and a judgment against the defendant for $561.83, and the dissolution of the partnership, over appellant's motion for a new trial.

The appellant assigns for error the action of the circuit court in overruling his demurrer to the complaint for want of sufficient facts, and in overruling his motion for a new trial.

The substance of the complaint is, that the plaintiff and defendant entered into a partnership on the 27th

day of May, 1892, in the hardware and undertaking
business, in the town of Frankton, Madison county,
Indiana; that afterwards, on November 10, 1893, the
partners executed a chattel mortgage to Pogue, Miller
& Co., of Richmond, Indiana, which was afterwards
foreclosed, and the property sold under decree of fore-
closure to Pogue, Miller & Co., under an agreement
between the parties to said mortgage that said Pogue,
Miller & Co. was to hold the same in trust for the
plaintiff and defendant herein, and upon any sale
thereof, thereafter to be made by Pogue, Miller & Co.,
that the residue realized over and above the mortgage
debt of Pogue, Miller & Co., amounting to $2,700.00,
should be held by Pogue, Miller & Co. for the plaintiff
and defendant herein; that said sale included stock of
goods, which was then of the value of $3,425.00, and
the book accounts and notes to the amount and value
of $2,000.00; that said Pogue, Miller & Co. afterwards
transferred said stock of goods and book accounts and
notes to Benjamin F. Davis and wife, Nancy Davis.
That afterwards said Davis sold said stock to Wise
& Son, and retained in his possession the notes and ac-
counts, amounting to $2,000.00, and the balance of the
purchase-money, over and above the claim of Pogue,
Miller & Co., which left in his hands $700.00, realized
from the sale of the stock and accounts, making
$2,700.00, which said Davis still holds of the assets
of said firm. That said firm has done no business
since the sale of its property on foreclosure of said
chattel mortgage. That said Davis denies this plain-
tiff's right of access to the book accounts, notes and
money belonging to said firm, and has failed and re-
fused to pay any of the debts of said firm. That said
partnership owes debts to the amount of $3,564.00, to
the payment of which said funds and property in the
hands of said Davis and wife should be applied, and

the residue should be divided equally, between said Davis and the plaintiff, who were equal partners. That Davis is insolvent.

Prayer for an accounting, dissolution of the partnership, and the appointment of a receiver, and a judgment in plaintiff's favor against the defendant for one-half the value of the property received and converted by him. The judgment is only for the recovery of money, as before stated, and a dissolution of the partnership.

The appellee's counsel, in defense of the ruling upholding the sufficiency of the facts stated in the complaint, says that it is "many-barreled," and hence it is urged if it is not sufficient for one purpose, that it certainly is for another.

But our system of procedure knows nothing of a "many - barreled," or double - barreled complaint, especially where it is, as here, in a single paragraph. Evidently counsel mean, if the complaint is not good on one theory, it may be on another. That is, if it is not good as a complaint for an accounting and judgment in favor of the plaintiff, they claim it is good as a complaint for the dissolution of the partnership and the appointment of a receiver.

However, we find it wholly unnecessary to determine what the theory of the complaint is.

It is fairly to be implied from the complaint, that the entire partnership effects were mortgaged and sold on foreclosure sale to Pogue, Miller & Co., because, among other things authorizing such an inference stated in the complaint, it is averred therein, "That said firm has done no business since the sale of its property on foreclosure of said chattel mortgage."

The sale of all the property of a partnership, the operation or the dealing in, or with reference to which

constituted its sole business, effects its dissolution, as also its total destruction, may be presumed. 17 Am. and Eng. Ency. of Laws, 1100, 1101, and authorities there cited. Parson on Partnership (3d ed.), Star pp. 385, 470.

Indeed, the appellee's counsel concede, in their brief, that the complaint shows "that there was a practical dissolution of the firm."

That being true, there was no necessity, and consequently no right, to invoke the power of the court to do that which had already been done. So the complaint cannot be sustained on that theory. We proceed to inquire whether it shows a right to the appointment of a receiver.

Such relief could only be awarded by showing the existence of property in which the parties both had an interest. The complaint failed to show that fact.

It shows that Pogue, Miller & Co. purchased the mortgaged property at foreclosure sale, "under an agreement between the parties to said mortgage that * * * * upon any sale thereafter made by Pogue, Miller & Co., that the residue realized over and above the mortgage debt of Pogue, Miller & Co., which amounted to about * * $2,700.00, should be held by Pogue, Miller & Co. for the plaintiff and defendant herein."

The title of the property is shown by the complaint to have passed to Pogue, Miller & Co. absolutely, with a stipulation that if they sold it for a sum in excess of their debt, that excess was to belong to the plaintiff and defendant in this case. The complaint shows that Pogue, Miller & Co. transferred their title to the defendant Davis, but for what consideration or for how much is not stated. For aught that appears it might have been for much less than $2,700.00, the amount of their debt. In that event, the member of the former

firm, composed of appellant and appellee, would have no interest in the proceeds of such sale.

The complaint shows that "Davis sold the stock to Wise & Son, and retained possession of the notes and accounts and the balance of the purchase-money over and above the claim of Pogue, Miller & Co., which left in his hands * * * $700.00, realized from the sale of the stock and accounts of the value of * * $2,000.00, which said Davis still holds of the assets of said firm."

We construe this language to mean that Davis realized from his sale of the stock to Wise & Son $700.00 over and above the amount of the mortgage debt due to Pogue, Miller & Co., and that said Davis held that and the notes and accounts, valued at $2,000.00, making in all $2,700.00, in which the appellee claimed he was entitled to share.

But it was the amount for which Pogue, Miller & Co. should afterwards sell the partnership effects of appellant and appellee that was to be the criterion to determine whether they had any interest in the proceeds of such sale; and it was in the proceeds of that sale that they were to have a contingent interest, and not in any other. There is no agreement stated in the complaint that they were to have an interest in the proceeds of any sale of said effects by the vendee of Pogue, Miller & Co. There is no showing in the complaint that the amount Davis agreed to pay Pogue, Miller & Co. for the effects was more than their debt. It may have been less. In that event, neither Davis nor Niswonger had any interest in the proceeds of that sale. While Davis had an interest in the proceeds of the sale to Wise & Son, because he is shown by the complaint to be the absolute owner of the property sold, yet Niswonger had no interest in it, because he had no interest in the property sold.

Neither did Niswonger have any interest in the notes and book accounts of the former firm, because the absolute title thereto is shown by the complaint to have passed to Pogue, Miller & Co., by their purchase at foreclosure sale, which title they transferred, as shown in the complaint, to appellant Davis. Therefore, there was no cause shown for the appointment of a receiver.

For the same reason there was no right shown to a personal judgment against Davis in favor of Niswonger. For these reasons, we are of opinion that the complaint did not state facts sufficient to constitute a cause of action.

The judgment is reversed, with instructions to sustain the demurrer to the complaint.